UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| JESSICA E. NOFFSINGER )<br>)<br>   Plaintiff, )<br>) <br>  v. )<br>)<br>PENNYROYAL SERVICES, INC. )<br>P.O. Box 289 )<br>Hopkinsville, KY 42240 )<br>)<br>   SERVE: )<br>      Craig L. Johnson, Attorney )<br>      Steptoe & Johnson PLLC )<br>      700 North Hurstbourne PKWY )<br>      Suite 115 )<br>      Louisville, Kentucky 40222 )<br>      COUNSEL FOR DEFENDANT )<br>   Defendant. ) | No. 5:20-cv-143-TBR |

**COMPLAINT**

\* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Plaintiff, Jessica E. Noffsinger ("Ms. Noffsinger"), and for her Complaint against Pennyroyal Services, Inc. ("Pennyroyal") states as follows:

## PARTIES

1. The Plaintiff, Ms. Noffsinger, is domiciled in the Commonwealth of Kentucky, residing in Muhlenberg County, Kentucky.

2. The Defendant, Pennyroyal, is a non-profit Kentucky corporation located in Christian County, Kentucky, and may be served via its Registered Agent, Eric Embry, at Pennyroyal Services, Inc., 3999 Fort Campbell Boulevard, P.O. Box 614, Hopkinsville, Kentucky 42241.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 29 U.S.C. § 2617(a)(2).

4. Defendant Pennyroyal conducts and is transacting business within Christian County, Kentucky. This Court has personal jurisdiction over Pennyroyal and venue is proper in this Court.

## UNDERLYING FACTS

5. At all times relevant to this Complaint, Plaintiff Noffsinger was employed by Pennyroyal.

6. Noffsinger remained employed by Pennyroyal until her employment was terminated on April 17, 2020.

7. Leading up to her termination, Ms. Noffsinger informed the Defendant, Pennyroyal, that she had a serious health condition that qualified her for leave under the Family and Medical Leave Act ("FMLA").

8. Under 29 CFR § 825.115, a qualifying condition includes "any period of incapacity or treatment for such incapacity due to a chronic serious health condition."

9. Such serious health conditions specifically include asthma, which is the underlying serious health condition that Ms. Noffsinger reported to Pennyroyal.

10. In particular, Ms. Noffsinger reported to Pennyroyal that she was undergoing continuing medical treatment for a severe asthmatic condition that was being exacerbated by some kind of bronchial infection.

11. Ms. Noffsinger informed Pennyroyal that her doctor had ordered her not to go to work, as she was having significant issues related to coughing and her ability to breath.

12. On April 17, 2020, Pennyroyal responded by alleging that Ms. Noffsinger was not eligible for FMLA because she had supposedly not been employed long enough.

13. Pennyroyal proceeded to terminate Ms. Noffsinger's employment.

14. However, when Ms. Noffsinger requested leave for her serious health condition she met all the qualifications for taking FMLA. This included the requirement that she was "employed for at least 12 months by the employer with respect to whom leave is requested." 29 U.S.C. 2611(2)(A).

15. Ms. Noffsinger began working at Pennyroyal's facilities in February 2019 as a temporary employee. She transitioned to direct employment with Defendant Pennyroyal in June 2019.

16. For purposes of FMLA eligibility, an employee's time working for an employer, such as Pennyroyal, through a temporary staffing agency is added to the time the employee worked as a permanent employee. *See, e.g., Meky v. Jetson Specialty Mktg. Servs.*, 2017 U.S. Dist. LEXIS 31007, *25 (E.D. PA 2017) (holding that the time an employee spent working for an employer through a temporary agency was tacked on to the time spent working as a permanent employee in determining when the employee was eligible for FMLA benefits); *See also, Phillips v. Leroy-Somer N. Am.*, 2003 U.S. Dist. LEXIS 5349, at *9-10 (W.D. Tenn. Mar. 28, 2003) (concluding that the time the plaintiff worked as a joint employee of the defendant and a temporary staffing agency is considered in determining when she became an "eligible employee" under the FMLA); *Miller v. Defiance Metal Prods.*, 989 F. Supp. 945, 947 (N.D. Ohio December 12, 1997) (granting summary judgment in favor of plaintiff and holding that the reclassification of an employee from temporary to permanent employee does not alter the twelve month period of time that plaintiff spent working at defendant's facility for purposes of FMLA eligibility).

17. Therefore, as of March 2020, Ms. Noffsinger had accrued more than the requisite twelve months of work time to qualify for FMLA.

## COUNT I – FMLA RETALIATION

18. Plaintiff reiterates and reincorporates the allegations contained in Paragraphs 1-17 of this Complaint as if set forth at length herein.

19. This is a claim made pursuant to 28 U.S.C. § 2617(a)(2)(A) for violation of 28 U.S.C. §2615(a)(2).

20. Defendant Pennyroyal is an employer subject to the FMLA, in that it is a non-profit corporation, engaged in commerce, employing fifty or more employees for each working day during twenty or more workweeks in the current or preceding calendar year.

21. Plaintiff Noffsinger is an eligible employee under the FMLA, in that at the time of her termination, she had worked at Defendant Pennyroyal's facilities continuously for at least twelve months and had worked at least 1,250 hours during the twelve months prior to the start of her FMLA leave. Noffsinger worked at Pennyroyal's facilities as a temporary employee beginning in February 2019 and transitioned to a permanent position in June 2019.

22. Plaintiff Noffsinger suffered a serious health condition in that she was undergoing continuing medical treatment for a severe asthmatic condition that was being exacerbated by a bronchial infection.

23. Plaintiff Noffsinger engaged in activities protected under the FMLA, including, without limitation, her lawful request for FMLA leave.

24. Defendant Pennyroyal had actual knowledge of Noffsinger's exercise of rights under the FMLA prior to the taking of adverse employment action against Noffsinger, in that, without

limitation, Noffsinger notified Pennyroyal prior to her termination of her serious health condition.

25. As a direct result of Noffsinger's request for FMLA leave, Noffsinger suffered the adverse employment action of her employment being terminated on or about April 17, 2020.

26. There is a causal connection between Noffsinger's exercise of rights under the FMLA and her termination in that, without limitation, her termination was taken in acute temporal proximity to her request for FMLA and Pennyroyal's false assertion that Noffsinger did not qualify for FMLA was referenced in her termination letter.

27. Noffsinger's protected activities under the FMLA were at least a motivating factor in the determination to terminate her.

## COUNT II – FMLA INTERFERENCE

28. Plaintiff reiterates and reincorporates the allegations contained in Paragraphs 1-27 of this Complaint as if set forth at length herein.

29. This is a claim made pursuant to 28 U.S.C. § 2617(a)(2)(A) for violation of 28 U.S.C. §2615(a)(1).

30. Defendant Pennyroyal is an employer subject to the FMLA, in that it is a non-profit corporation, engaged in commerce, employing fifty or more employees for each working day during twenty or more workweeks in the current or preceding calendar year.

31. Plaintiff Noffsinger is an eligible employee under the FMLA, in that at the time of her termination, she had worked at Defendant Pennyroyal's facilities continuously for at least twelve months and had worked at least 1,250 hours during the twelve months prior to the start of her FMLA leave. Noffsinger worked at Pennyroyal's facilities as a temporary

employee beginning in February 2019 and transitioned to a permanent position in June 2019.

32. Plaintiff Noffsinger suffered a serious health condition in that she was undergoing continuing medical treatment for a severe asthmatic condition that was being exacerbated by a bronchial infection, and she was therefore entitled to leave under the FMLA.

33. Noffsinger gave notice of her intention to take leave by notifying Pennyroyal of her serious health condition.

34. Defendant Pennyroyal denied Noffsinger of FMLA benefits to which she was entitled, in that, without limitation, Defendant Pennyroyal denied Noffsinger's use of FMLA leave and terminated her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jessica Noffsinger, hereby demands judgment against the Defendant, Pennyroyal Services, Inc. for violation of her rights pursuant to the Family and Medical Leave Act on **Counts I and II** as follows:

(a) a trial by jury;

(b) compensatory damages, including, without limitation, past and present lost wages pursuant to 29 U.S.C. §2617(a)(1)(A)(i);

(c) interest calculated at the prevailing rate pursuant to 29 U.S.C. §2617(a)(1)(A)(ii);

(d) liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

(e) because reinstatement has been made impracticable, front pay damages in lieu of reinstatement;

(f) reasonable attorney's fees, reasonable expert witness fees, and other costs of the action pursuant to 29 U.S.C. §2617(a)(3); and

(g) any and all other such relief to which she may be entitled, including, without limitation, damages for emotional distress.

        Respectfully submitted,

        ROBERT ROARK, PLLC

        */s/ Tyler Z. Korus*_____
        Robert L. Roark, Esq.
        Tyler Z. Korus, Esq.
        ROBERT ROARK, PLLC
        401 Lewis Hargett Cr., Ste. 210
        Lexington, Kentucky 40503
        Telephone: 859-203-2430
        Facsimile: 859-523-6351
        Rob@robertroarklaw.com
        Tyler@robertroarklaw.com
        *COUNSEL FOR PLAINTIFF*